UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

***Ex rel.* SARA ASHLEY MILLER,**

**Plaintiffs,**

**v.** **Case No. 26-CV-616**

**BLACK & VEATCH, et al.,**

**Defendants.**

---

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND REPORT AND RECOMMENDATION SCREENING COMPLAINT[1]**

---

Sara Ashley Miller, who is representing herself, sues Black & Veatch, Acuity International, Janus Henderson Group PLC, and Trian Fund Management, L.P. in a qui tam action under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33, on behalf of the United States. (Docket # 1.) Miller has also filed a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket # 7.) While I find Miller indigent for purposes of the federal *in forma pauperis* statute, because a realtor in a qui tam action cannot proceed *pro se*, I recommend the complaint be dismissed without prejudice.

**ANALYSIS**

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent

[1]Because the defendants have not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).

litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In her motion to proceed without prepayment of the filing fee, Miller states that she is unemployed with total monthly expenses of $1,000.00. (Docket # 2 at 1–3.) She has no other assets besides $300.00 in cash, checking, savings, or other similar account. (*Id.* at 3.) Based on the information provided in Miller's motion, I am satisfied that she is indigent for purposes of the *in forma pauperis* statute.

I next turn to the question of whether Miller's complaint is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Miller brings

a qui tam action under the FCA on behalf of the United States. The FCA prohibits the submission of false and fraudulent claims for payment to the government. 31 U.S.C. § 3729(a). It also authorizes private citizens (called "relators") to file civil actions on behalf of the government (called "qui tam" actions) to recover money that the government paid on account of false or fraudulent claims. *Id.* § 3730(b)(1). To encourage private citizens to come forward with knowledge of fraudulent activity, the FCA entitles prevailing relators to collect a substantial share of the funds they recover. *Id.* § 3730(d)(1)–(2). The FCA further provides, however, that a court must dismiss an action brought under the Act if "substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed" unless the action "is brought by the Attorney General or the person bringing the action is an original source of the information." *Id.* § 3730(e)(4)(A). The purpose of this bar is to "block parasitic claims filed by opportunists trying to capitalize on publicly disclosed allegations of wrongdoing," but it "should not prohibit a suit by a relator who independently uncovers evidence of wrongdoing through his own investigation even though his allegations are the same or similar to allegations in the public domain." *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 915 (7th Cir. 2009).

In her complaint, Miller asserts that she is the original source of information provided to the government regarding the defendants' alleged fraudulent actions. Miller alleges that another entity filed a parasitic claim derivative of her work. (Docket # 1.) She requests the Court issue her an award determination letter confirming her status as a tier 1 relator, direct the DOJ to execute a realtor share agreement, and permanently stay all parasitic claims. (*Id.* at 2.)

The Seventh Circuit is clear that a *pro se* relator cannot prosecute a qui tam action because the individual is acting as an attorney for the government. *United States ex rel. Lu v. Ou*, 368 F.3d 773, 775 (7th Cir. 2004). The court of appeals reasoned that while the relator "is not technically the government's lawyer," the "same policy that forbids litigants, whether they are corporations, or other organizations, or individuals, such as members of a class or shareholders, to be represented by nonlawyers is applicable to qui tam suits." *Id.* (internal citations omitted). Because Miller cannot proceed with this action *pro se*, I recommend that this action be dismissed without prejudice.

**NOW, THEREFORE, IT IS ORDERED** that Miller's motion for leave to proceed without prepayment of the filing fee (Docket #2) is **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Miller's complaint be dismissed without prejudice.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 24th day of August, 2026.

BY THE COURT

NANCY JOSEPH
United States Magistrate Judge