UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 26-cv-616-pp

SARA ASHLEY MILLER,

Relator,

v.

BLACK & VEATCH, ACUITY INTERNATIONAL,
JANUS HENDERSON GROUP PLC
and TRIAN FUND MANAGEMENT LP,

Defendants.

---

**ORDER ADOPTING IN PART JUDGE JOSEPH'S REPORT AND RECOMMENDATION (DKT. NO. 9), DISMISSING CASE WITH PREJUDICE AND ORDERING CASE UNSEALED**

---

On April 10, 2026, the relator Sara Ashley Miller, who is representing herself, sued Black & Veatch, Acuity International, Janus Henderson Group PLC, and Trian Fund Management, L.P. in a *qui tam* action under the False Claims Act ("FCA"), 31 U.S.C. §§3729-33, on behalf of the United States. Dkt No. 1. The relator alleged that she was the original source of information provided to the government regarding the defendants' fraudulent conduct and that another entity had filed a parasitic claim derivative of her work. Id. at 1-2.

On August 24, 2026, Magistrate Judge Nancy Jospeph screened the complaint and issued a report and recommendation. Dkt. No. 9. Judge Joseph recommended that this Article III court dismiss the complaint without

prejudice because the self-represented relator cannot proceed with this *qui tam* action on behalf of the government. Id. at 4.

Judge Joseph advised the relator that she (the relator) had fourteen days from the date of the recommendation to object to it. More than fourteen days have passed, and the court has not received an objection from the relator. The court sent the report and recommendation to the address the relator provided on her complaint; it was not returned as undeliverable, so the court has no reason to believe the relator was not aware of her deadline to object.

After reviewing a magistrate judge's report and recommendation, a district court judge may accept, reject or modify, in whole or in part, the findings or recommendations the magistrate judge made in the report. See Fed. R. of Civ. P. 72(b). If a party objects to any part of the report, the district court must review those parts of the report *de novo* (in the first instance, without giving deference to the magistrate judge's findings). Id. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999).

Judge Joseph's recommendation is not erroneous. A relator in a *qui tam* action cannot proceed without an attorney because an individual who is not a lawyer may not act as the government's lawyer. See United States *ex rel.* Szymczak v. Covenant Healthcare Sys., Inc., 207 F. App'x 731, 732 (7th Cir. 2006) ("[A] *pro se* relator cannot prosecute a *qui tam* action under the FCA."); see also United States *ex rel.* Lu v. Ou, 368 F.3d 773, 775 (7th Cir. 2004),

abrogated on other grounds by United States *ex rel.* Eisenstein v. City of New York, 556 U.S. 928 (2009)).

The relator cannot proceed with this *qui tam* action under the FCA as a self-represented litigant; the relator also cannot proceed with this suit in her individual capacity because she does not allege that she was injured by the defendants' conduct and seeks no benefit to herself other than an award as a relator. See Dkt. No. 1 at 3 (seeking a "30% uncapped reward of the March 31 global settlement pool"); see also Georgakis v. Illinois State Univ., 722 F.3d 1075, 1077 (7th Cir. 2013) (holding that unrepresented relator in a *qui tam* action under FCA could not sue in his individual capacity because he did not "claim to have been injured by the defendants in the slightest and he therefore seeks no benefit to himself from the suit other than the bounty that he could expect to be awarded if the suit were successful").

The court will adopt Judge Joseph's recommendation to dismiss the complaint, but departs from her recommendation that the court dismiss the complaint without prejudice. As stated, the relator alleges that she was the original source of the allegations asserted in a separate *qui tam* action filed by the law firm Phillips & Cohen on March 10, 2026. Dkt. No. 1 at 1-2. She maintains that Phillips & Cohen's lawsuit is a parasitic derivative action based on her knowledge. See id. at 2. She contends that she contacted Phillips & Cohen for the purpose of seeking legal representation. Id. She says that she provided the core facts of the defendants' alleged fraudulent conduct to Phillips

& Cohen as a prospective client and that her communications were protected by the attorney-client privilege. Id.

Even if the relator were represented by counsel, she could not maintain a separate *qui tam* action based on the same conduct that forms the basis of the *qui tam* suit filed by the Phillips & Cohen law firm because of the bar imposed by 31 U.S.C. §3730(e)(3). That provision states that "[i]n no event may a person bring an action under subsection (b) which is based upon allegations or transactions which are the subject of a civil suit or an administrative civil money penalty proceeding in which the Government is already a party." The nature of the relator's allegations about providing information under the protection of the attorney-client privilege may very well form the basis of a claim against Phillips & Cohen, but the relator did not assert any separate claims against the law firm in her complaint and Phillips & Cohen is not named as a party.

Although the court normally allows a self-represented party to try to amend her complaint to cure the deficiencies the court has identified, the court need not give such leave when "any amendment would be futile or otherwise unwarranted." Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. and Nw. Ind., 786 F.3d 510, 520 (7th Cir. 2015) (quoting Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n, 377 F.3d 682, 687 (7th Cir. 2004)).

The court finds that amendment would be futile under the circumstances. The relator cannot maintain a *qui tam* action as an unrepresented litigant on behalf of the government, and she cannot maintain a

*qui tam* action against these defendants under §3730(e)(3) due to her allegation that the fraudulent conduct at issue is the subject of a separate lawsuit.

Under 31 U.S.C. §3730(b)(2), a *qui tam* complaint must be filed under seal for at least sixty days. The complaint was filed on April 10, 2026; it is now well over the sixty-day period required by §3720(b)(2). Under §3730(b)(3), the government may, upon a showing a good cause, move the court to extend the time the complaint remains under seal. The government received notice of the relator's complaint, see dkt. no. 2, but has not moved to intervene or otherwise asked the court to maintain the complaint under seal. The relator has not requested that the complaint remain under seal. The court will direct the clerk's office to unseal the complaint and the record in this case.

The court **ADOPTS IN PART** Judge Joseph's report and recommendation. Dkt. No. 9.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

The court **ORDERS** the clerk's office to unseal this case and all documents filed in it.

Dated in Milwaukee, Wisconsin this 15th day of September, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**